2012 OK 52

**RICHARDSON, RICHARDSON AND BOUDREAUX, PLCC,**
Petitioner,

v.

**The Honorable Linda MORRISSEY, Judge of the Tulsa County District Court, Respondent.**

**No. 110,606.**

Supreme Court of Oklahoma.

June 4, 2012.

Rehearing Denied June 28, 2012.

## ¶ 0 ORDER ISSUING PROHIBITION

¶ 1 Original jurisdiction is assumed. Okla. Const. Art. 7 § 4. We issue a writ of prohibition to prevent enforcement of an order of the District Court and direct the District Court to dismiss Plaintiff's petition without prejudice to its refiling. We decline to assume original jurisdiction and review other challenged orders of the District Court because our order requires Plaintiff's petition to be dismissed without prejudice.

¶ 2 Plaintiff's petition did not include the affidavit required by 12 O.S.2011 § 19 and Defendant sought dismissal. Within ninety (90) days of the date Plaintiff's petition was filed, and with leave of the trial court, Plaintiff filed an "Affidavit of Probable Merit for Professional Negligence Case." The trial court ruled that Defendant's motion was moot. Several months later the matter was placed on a disposition docket due to inactivity. Plaintiff responded with motions for summary judgment and default judgment. Defendant then filed a motion to dismiss Plaintiff's petition on the basis that the § 19 affidavit (1) made affirmations by plaintiff's counsel and not Plaintiff, and (2) lacked an affirmation that a written opinion from a qualified expert had been obtained. The District Court denied the motion to dismiss stating that it was untimely, and allowed Defendant ten days to file an answer to the petition. Defendant sought extraordinary relief in this Court.

¶ 3 The District Court's denial of Defendant's motion to dismiss the petition for an insufficient § 19 affidavit was based upon the untimeliness of the motion. The trial court transcript provided by Plaintiff (real party in interest) indicates that Plaintiff challenged the "substance" of the motion to dismiss with an argument that a 12 O.S.2011 § 2012(B)(6) standard should be applied and the petition itself considered.[1] However, neither the statements by the trial judge in the transcript nor the brief of the real party in interest in this proceeding discloses any statute or rule of pleading that sets forth a specific time limit for filing a § 19 motion to dismiss.

¶ 4 Section § 19 provides for filing a motion to dismiss in varying circumstances, but it has no time limit specified for when such motions may not be filed. The Pleading Code, specifically 12 O.S.2011 § 2012(B)(6), allows for a motion to dismiss that is based upon a "failure to state a claim upon which relief may be granted." A § 2012(B)(6) motion must be filed "before pleading if a further pleading is permitted." *Id.* The purpose of a § 2012(B)(6) motion to dismiss is to test the law that governs the claim in litigation rather than to examine the underlying facts of that claim. *Rogers v. Quiktrip Corp.,* 2010 OK 3, ¶ 4, 230 P.3d 853, 856. A § 19 motion to dismiss does not govern the law of the claim, but whether a document of a certain type is filed with the petition.

¶ 5 A rule of law that cuts off an opportunity to file a motion attacking a § 19 affidavit must be based upon advance notice to litigants who would then have a reasonable opportunity to file such pleadings before the time bar would take effect. Due process requires adequate notice to the party whose rights may be adversely affected by judicial action. *McDaneld v. Lynn Hickey Dodge, Inc.,* 1999 OK 30, ¶ 11, 979 P.2d 252, 256. No such advance notice was given to Defendant in this matter that the trial court was imposing a time limit for filing a § 19 motion.

¶ 6 Section 19 requires the objection to be raised by motion of a defendant. Defendant argues that no time limit for filing

1. Appendix of real party in interest, filed May 14, 2012, Exhibit 4, pp. 13–16.

the motion is in § 19 and the requirement of the affidavit is one of subject matter jurisdiction. The issue presented by Defendant is whether the affidavit is for the purpose of obtaining or invoking subject matter jurisdiction.[2] Defendant argues for a judicial construction of § 19 that would necessarily allow a defendant to obtain dismissal of a petition at any time prior to, or after, a judgment on the merits. Such a construction is inconsistent with the absence of a provision in § 19 that would allow a court to *sua sponte* dismiss a petition filed without an affidavit.[3] Such a construction is also inconsistent with the concept of claims or causes of action merging into a judgment,[4] and the § 19 remedy of a dismissal without prejudice to refiling. We hold that the affidavit required by 12 O.S.2011 § 19 is not a subject matter jurisdiction requirement.

¶ 7 Pleading issues should be decided early in the litigation. This Court has explained that one of the goals of both the Federal Rules of Civil Procedure and the Oklahoma Pleading Code is to eliminate unnecessary delay at the pleading stage by avoiding the time-consuming piecemeal litigation of pretrial motions. *State ex rel. Oklahoma Bar Association v. Mothershed,* 2011 OK 84, ¶ 71, 264 P.3d 1197, 1223, quoting Okla. Stat. Ann. tit. 12, § 2012 (1993), (Committee Comment to Section 2012). Section 19 does not allow a defendant's objection to the absence or insufficiency of the affidavit to be raised by a responsive pleading such as an answer. Requiring a defendant to file a § 19 motion prior to the date of that party's responsive pleading furthers the goal of eliminating unnecessary delay at the pleading stage. In the matter before us the second § 19 motion to dismiss was filed *prior* to the date *allowed by the trial court* for the Defendant to file an Answer to Plaintiff's Petition. We note that the case was not at issue at the time the second motion to dismiss was filed, *Boston v. Buchanan,* 2003 OK 114, ¶ 7, 89 P.3d 1034, 1038, and no argument with authority is made by Plaintiff showing prejudice due to the date the second motion was filed.

¶ 8 We hold that the trial court abused its discretion by imposing a time limit for filing a § 19 motion without prior notice to Defendant. *McDaneld v. Lynn Hickey Dodge, Inc., supra.* We further hold that a defendant's motion to dismiss pursuant to 12 O.S.2011 § 19 *must be filed before pleading by that defendant, if further pleading is allowed.*

¶ 9 An affidavit filed pursuant to 12 O.S.2011 § 19(A) is required to affirm that plaintiff has obtained a written opinion from a qualified expert. *Id.* at § 19(A)(1)(b). Although the written opinion is not admissible at trial, the affirmation of a written opinion is not an empty formality. Section 19 also gives a defendant a right to obtain a copy of that expert opinion identified by the affidavit, 12 O.S.2011 § 19(C), and if a plaintiff fails to provide that copy a motion to dismiss the petition without prejudice is authorized. *Id.* The affidavit in this case made no affirmation that a written opinion from a qualified expert had been obtained. The affidavit fails to satisfy the requirement of 12 O.S.2011 § 19(A)(1)(b).[5] The motion to dismiss argued that the affidavit must contain an affirmation that a written opinion from a qualified expert was obtained. An order granting a motion to dismiss based upon an affidavit's noncompliance with § 19(A)(1) must be without prejudice to its refiling. The trial court

2. *State ex rel. Oklahoma Bar Association v. Mothershed,* 2011 OK 84, ¶ 54, 264 P.3d 1197, 1217.

3. We decline to address whether the affidavit requirement may not be considered a jurisdictional requirement because the statute also allows an exemption of the affidavit based upon indigency.

4. *Oklahoma Dept. of Securities ex rel. Faught v. Blair,* 2010 OK 16, n. 41, 231 P.3d 645, 668 n. 41 (upon entry of a judgment a cause of action is merged into the judgment and the cause of action ceases to exist).

5. Petitioner filed a motion for leave to file a reply brief herein on the issue whether *Boulden v. Colbert Nursing Home, Inc.,* 2011 OK CIV APP 21, 249 P.3d 105. 249 P.3d 105, is applicable as argued by the real party in interest herein who asserts that the sufficiency of the § 19 affidavit is dependent upon the pleading sufficiency of the petition. A reply brief would not assist our analysis. We explain that the sufficiency of a § 19 affidavit is measured by the requirements specified by § 19. The motion for leave to file a reply brief is denied.

abused its discretion when it denied the motion to dismiss the petition without prejudice to its refiling.

 ¶ 10 This Court does not usually issue prohibition based upon application of law to facts that have not yet occurred in a district court. *Scruggs v. Edwards*, 2007 OK 6, ¶ 6, 154 P.3d 1257, 1261. However, in the present matter (1.) the question was presented to the District Court which declined to rule on the issue, (2.) the question is solely a question of law whether the affidavit of record *facially* satisfies the legal requirements of § 19,[6] (3.) the question concerning the sufficiency of such affidavits is one of first impression, and (4.) requiring the District Court to determine sufficiency would unnecessarily delay the proceeding. We thus assume original jurisdiction and grant the requested relief in part.

¶ 11 A writ of prohibition hereby issues to prevent the enforcement of the order of the District Court of Tulsa County, in *Teresa Tackett v. Richardson, Richardson, and Boudreaux, PLLC,* Cause No. CJ–2011–02302, that denied the Defendant's motion to dismiss Plaintiff's petition, and the District Court is directed to dismiss Plaintiff's petition without prejudice to its refiling.

¶ 12 **DONE BY ORDER OF THE SUPREME COURT IN CONFERENCE THIS 4th DAY OF JUNE, 2012.**

¶ 13 CONCUR: TAYLOR, C.J., KAUGER, WATT, WINCHESTER, EDMONDSON, COMBS, GURICH, JJ.

¶ 14 DISSENT: COLBERT, V.C.J.

¶ 15 NOT PARTICIPATING: REIF, J.

---

6. The alleged facial insufficiency of a pleading or a proceeding as a whole is one of several factors considered by the Court when determining whether the Court should address the issue prior to a District Court ruling on that alleged insufficiency. *Kincannon v. Pugh*, 1926 OK 125, 243 P. 945, 947.