OSCN Found Document:THURSTON v. STATE FARM MUTUAL AUTOMOBILE INSUR. CO.

 

 
 

 
 THURSTON v. STATE FARM MUTUAL AUTOMOBILE INSUR. CO.
2020 OK 105
Case Number: 118636
Decided: 12/08/2020
THE SUPREME COURT OF THE STATE OF OKLAHOMA
Cite as: 2020 OK 105, __ P.3d __

 
NOTICE: THIS OPINION HAS NOT BEEN RELEASED FOR PUBLICATION. UNTIL RELEASED, IT IS SUBJECT TO REVISION OR WITHDRAWAL. 

Â 

ERIC M. THURSTON, Plaintiff/Petitioner,
v.
STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, YEAROUT INSURANCE AGENCY, INC., and JANIS YEAROUT, Individually, Defendants/Respondents.

ON CERTIORARI TO THE DISTRICT COURT OF OKLAHOMA COUNTY, HONORABLE THOMAS E. PRINCE, DISTRICT JUDGE, TO REVIEW A CERTIFIED INTERLOCUTORY ORDER

Â¶0 Plaintiff requested damages for State Farm's failure to stack Plaintiff's uninsured motorist benefits under several policies. State Farm sought summary adjudication. The district court rendered partial summary adjudication in State Farm's favor and certified the order for immediate interlocutory review. Certiorari was granted.

DISTRICT COURT'S ORDER UNDER REVIEW IS AFFIRMED; REMANDED FOR FURTHER PROCEEDINGS. 

Derek S. Franseen, Walsh & Franseen, Edmond, OK, and Monty Cain and Anthony M. Alfonzo, Cain Law Office, Oklahoma City, OK, for Plaintiff/Petitioner, Eric M. Thurston.

Joseph T. Acquaviva, Jr., Wilson, Cain & Acquaviva, Oklahoma City, OK, and Galen L. Brittingham, Atkinson, Haskins, Nellis, Brittingham, Gladd & Fiasco, Tulsa, OK, for Defendant/Respondent, State Farm Mutual Automobile Insurance Company.

Rex Travis, Travis Law Office, and James A. Scimeca, Burch, George & Germany, P.C., Oklahoma City, OK, for Amicus Curiae, Oklahoma Association for Justice.

Brad Smith and Michelle B. Harris, Steidley & Neal, P.L.L.C., Tulsa, OK, for Amici Curiae, Oklahoma Association of Defense Counsel, the American Property Casualty Insurance Association, and the National Association of Mutual Insurance Companies.

OPINION

DARBY, V.C.J., 

Â¶1 In January 2020, the Oklahoma County District Court granted summary adjudication in favor of State Farm Mutual Automobile Insurance Co. (State Farm), Defendant. The question before this Court is whether State Farm expressly provided for stacking of uninsured motorist policies, pursuant to 36 O.S. Supp. 2014, Â§ 3636(B), by charging and accepting separate premiums for uninsured motorist coverage on separate policies. We answer in the negative.

I. STANDARD OF REVIEW

Â¶2 "[S]ummary adjudication, like summary judgment, settles only questions of law." Am. Biomedical Grp. v. Techtrol, Inc., 2016 OK 55, Â¶ 2, 374 P.3d 820, 822. Statutory interpretation is also a question of law. Raymond v. Taylor, 2017 OK 80, Â¶ 9, 412 P.3d 1141, 1143--44. We review questions of law de novo. Techtrol, 2016 OK 55, Â¶ 2, 374 P.3d at 822. Summary adjudication will be affirmed only if the appellate court determines that there is no dispute as to any material fact and that the moving party is entitled to judgment as a matter of law. Id.; see also 12 O.S.2011, Â§ 2056(C).

II. BACKGROUND & PROCEDURAL HISTORY

Â¶3 In 2012, Eric M. Thurston, Plaintiff, first obtained automobile liability insurance through State Farm. At that time, Thurston inquired whether uninsured motorist (UM) coverage on multiple policies would stack. He was told yes.

Â¶4 State Farm's standard procedure is to only print new declaration pages when a policy issuance transaction, such as change of coverage, occurs. R. at 115, 169. In July 2013 and June 2014, the most recent policy issuance transactions for Thurston's 2013 Chevrolet K1500 and 2012 Toyota Camry, respectively, occurred. The corresponding declaration pages that were issued stated the policies were subject to any endorsements issued with subsequent renewal notices. R. at 115, 118, 167, 169.

Â¶5 In 2014, the Oklahoma Legislature amended title 36, section 3636(B) to "prohibit[] the stacking of certain insurance policies." 2014 Okla. Sess. Laws 1139. The amended statute provides that "[p]olicies issued, renewed or reinstated after November 1, 2014, shall not be subject to stacking or aggregation of limits unless expressly provided for by an insurance carrier." 36 O.S. Supp. 2014, Â§ 3636(B). Over the next year and a half, Thurston added and removed several vehicles from his policies with State Farm and renewed other vehicle policies.

Â¶6 In July 2015, State Farm included "Important Notice" paperwork with the mailed Auto Renewal information for Thurston's 2013 Chevrolet and 2012 Toyota stating:

UNINSURED MOTOR VEHICLE COVERAGE
As a result of Oklahoma Senate Bill 991, the "If Other Uninsured Motor Vehicle Coverage Applies" provision has been amended to state that stacking of Uninsured Motor Vehicle Coverage from policies issued by the State Farm Companies to the named insured or resident relatives is not allowed.

R. at 211--12, 215, 254--55. The notice stated that changes that did not broaden coverage were effective on the first renewal on or after August 3, 2015. R. at 211. It also explained that "Endorsement 6128AP . . . makes these changes to [the] policy." R. at 212. In September 2015, State Farm also mailed the same "Important Notice" with the Auto Renewal information for Thurston's 2015 Cadillac SRX. R. at 291--92.[1]

Â¶7 In January 2016, State Farm mailed Thurston a copy of the declaration page for his 2015 Chevrolet K1500, and attached a copy thereof. R. at 232--35. The declaration page stated the policy was subject to Amendatory Endorsement 6128AP. R. at 237--39. Amendatory Endorsement 6128AP stated in relevant part:

If Uninsured Motor Vehicle Coverage provided by this policy and one or more other vehicle policies issued to you or any resident relative by the State Farm Companies apply [sic] to the same bodily injury, then:

a. the Uninsured Motor Vehicle Coverage limits of such policies will not be added together to determine the most that may be paid; and

b. the maximum amount that may be paid from all such policies combined is the single highest applicable limit provided by any one of the policies. We may choose one or more policies from which to make payment.

R. at 122, 243 (emphasis original). The January declaration page for the 2015 Chevrolet K1500 did not denote UM coverage on the policy, but a declaration page prepared March 1, 2016, indicated that the policy had been augmented with UM coverage and again noted the policy included Amendatory Endorsement 6128AP. See R. at 237, and R. at 161--65.

Â¶8 On June 9, 2016, Thurston was injured in an automobile accident. At that time, Thurston had three separate, six-month term, insurance policies with State Farm, with separate UM coverage on each, for which Thurston paid three separate premiums. The accident vehicle had $25,000 in UM coverage and the other two vehicles each had $50,000 in UM coverage.[2] After determining that Thurston's medical expenses from the accident exceeded the at-fault driver's policy limits, State Farm initially paid Thurston $25,000 in UM benefits under the policy for the vehicle involved in the accident. State Farm eventually paid Thurston another $25,000 under a second policy, for a total of $50,000 in paid UM benefits--i.e., the "single highest applicable limit provided by any one of the policies." While Thurston's injuries exceeded that amount, State Farm refused further payment.

Â¶9 Thurston brought claims against State Farm, Janis Yearout (Agent), and Yearout Insurance Agency (Agency) for fraud, breach of contract, bad faith, and failure to procure appropriate coverage. In April 2019, Thurston filed his third amended petition arguing, in part, that State Farm expressly provided for stacking, pursuant to section 3636, when it continued to charge and accept full premiums on multiple policies without advising that the policies no longer stacked. In support, Thurston submitted his deposition testimony that he did not recall receiving notice of changes in policy language after the 2014 statutory amendment. Thurston alleged that his claims were also supported by State Farm's internal claim documents, which described the policy for the accident vehicle as "stacking" with another. R. at 381--83.

Â¶10 Agent acknowledged that Thurston was told the policies would stack in 2012, but claimed that she or a member of her staff had spoken to Thurston about State Farm eliminating stacking UM coverage when Thurston made coverage changes in 2015 and 2016. State Farm asserted that Thurston received written notice regarding SB 991 and the new policy endorsement. State Farm submitted affidavits from a PIM ("Printing Inserting and Mailing") Supervisor, based on his review of records, in which he asserted that all of the alleged notices and enclosures were delivered to the United States Postal Service for mailing to Thurston, in accordance with procedures, and not returned to State Farm. State Farm also argued that the policies were unambiguous and specifically provided that UM coverage does not stack. State Farm filed a motion for summary adjudication requesting the court declare that, pursuant to 36 O.S. Supp. 2014, Â§ 3636(B), the automobile policies issued by State Farm to Thurston do not provide stackable UM coverage as a matter of law.

Â¶11 On October 11, 2019, the district court held a hearing on the motion; sua sponte noted a recent federal case finding UM coverage stacked under Oklahoma law, Shotts v. Geico General Ins. Co., No. CIV-16-1266-SLP (W.D. Okla. 2018); and denied summary adjudication to State Farm, based on Shotts. On November 13, 2019, State Farm requested the court reconsider its ruling because the accident in Shotts occurred before section 3636 was amended, therefore the case was inapposite.

Â¶12 On January 16, 2020, the district court granted the motion to reconsider, vacated the original order denying summary adjudication, and granted the motion for summary adjudication in State Farm's favor. The court ruled that the act of charging additional premiums for multiple vehicles does not fall within the exception provided in section 3636. The court certified the order for interlocutory review. We previously granted certiorari.

III. ANALYSIS

Â¶13 Title 36, section 3636 of the Oklahoma statutes requires that insurers offer UM coverage for every motor-vehicle liability insurance policy extended.[3] UM coverage of an injured person stems from that individual falling within the definition of "insured" under a policy. State Farm Mut. Auto. Ins. Co. v. Wendt, 1985 OK 75, Â¶ 11, 708 P.2d 581, 586 (quoting Babcock v. Adkins, 1984 OK 84, Â¶ 14, 695 P.2d 1340, 1343). Prior to the recent amendment, the UM statute made no mention of stacking or aggregating UM policy limits. See 36 O.S.2011, Â§ 3636.

Â¶14 UM coverage attaches to an insured "no matter where they are or in what circumstances they may be in when they are injured through the negligence of an uninsured motorist." Babcock, 1984 OK 84, Â¶ 13, 695 P.2d at 1343. Because of that, we previously required insurers to stack, or aggregate, coverage when they charged multiple UM premiums for multiple vehicles, either on the same or separate policies. Keel v. MFA Ins. Co., 1976 OK 86, Â¶ 13, 553 P.2d 153, 156; Richardson v. Allstate, 1980 OK 157, Â¶Â¶ 13--14, 619 P.2d 594, 598; Wendt, 1985 OK 75, Â¶ 10, 708 P.2d at 585; Wilson v. Allstate Ins. Co., 1996 OK 22, Â¶ 12, 912 P.2d 345, 348. When we first determined UM coverage stacked, we specifically noted:

The legislature must have been cognizant that a person often becomes an insured, either named or otherwise included in more than one automobile liability policy. Therefore, it must have contemplated when it mandated the uninsured motorist coverage in each policy that the injured person might have recourse to more than one policy. Had that result not been intended, its negation would be expressed in the statute.

Keel, 1976 OK 86, Â¶ 10, 553 P.2d at 155--56. The Legislature has since expressed that negation.

Â¶15 An insured's right to recovery is governed by the UM statute in effect on the date the policy was issued or last renewed. May v. Nat'l Union Fire Ins. Co., 1996 OK 52, Â¶ 7, 918 P.2d 43, 45; Cofer v. Morton, 1989 OK 159, Â¶ 3, 784 P.2d 67, 70. As the amended UM statute was in effect when all of Thurston's policies were issued or last renewed, we apply it today. Whether State Farm expressly provided for UM coverage stacking by charging and accepting separate UM premiums for Thurston's separate policies, pursuant to 36 O.S. Supp. 2014, Â§ 3636(B), is a question of statutory interpretation.

Â¶16 We presume that the legislature "expressed its intent and that it intended what it expressed." Heath v. Guardian Interlock Network, Inc., 2016 OK 18, Â¶ 14, 369 P.3d 374, 379. As such, we begin with the text of the statute in order to ascertain the ordinary meaning of section 3636(B), so we can then determine if State Farm's actions fall within it. See Hall v. Galmor, 2018 OK 59, Â¶ 45, 427 P.3d 1052, 1070. "Legislative purpose and intent may [also] be ascertained from the language in the title to a legislative enactment." Naylor v. Petuskey, 1992 OK 88, Â¶ 4, 834 P.2d 439, 441. Words will be given their ordinary meaning unless a contrary legislative intent plainly appears. 25 O.S.2011, Â§ 1; Video Gaming Techs., Inc. v. Tulsa Cty. Bd. of Tax Roll Corrs., 2019 OK 84, Â¶ 11, 455 P.3d 918, 921.

Â¶17 In 2014, the Oklahoma Legislature amended section 3636 through SB 991.The bill was titled: "An Act relating to insurance; amending 36 O.S. 2011, Section 3636, which relates to uninsured motorist insurance coverage requirements; prohibiting the stacking of certain insurance policies; and providing an effective date." 2014 Okla. Sess. Laws 1139--42. SB 991 added one sentence to section 3636(B): "Policies issued, renewed or reinstated after November 1, 2014, shall not be subject to stacking or aggregation of limits unless expressly provided for by an insurance carrier." Id.

Â¶18 Generally, the term shall signifies a mandatory directive or command, rather than a permissive one. Keating v. Edmondson, 2001 OK 110, Â¶ 13, 37 P.3d 882, 888. Therefore, Section 3636 provides that, by default, policies issued after November 1, 2014, do not stack or aggregate UM coverage limits. Section 3636 does not require that the insurer provide notice to the insured that they do not stack UM coverage or use specific policy language to that end. 36 O.S. Supp. 2014, Â§ 3636(B); see also Spears, 2005 OK 35, Â¶ 19, 114 P.3d at 453.[4]

Â¶19 Instead, the statute requires the insurer must expressly provide for UM coverage to stack if it wishes to do so. "[T]he adverb 'expressly,' in its primary meaning, denotes precision of statement, as opposed to ambiguity, implication, or inference, and is equivalent to 'in an express manner' or 'in direct terms.'" Magone v. Heller, 150 U.S. 70, 74, 14 S. Ct. 18, 19, 37 L. Ed. 1001 (1893). The adjective "express" means, "[c]learly and unmistakably communicated; stated with directness and clarity." Express, Black's Law Dictionary 726 (11th ed. 2019). In context, this means the insurer must clearly and unmistakably communicate its intention to stack UM coverage if the insurer chooses to do so.

Â¶20 "[I]nsurance policies are issued pursuant to statutes, and the provisions of those statutes are given force and effect as if written into policy." Siloam Springs Hotel, LLC v. Century Sur. Co., 2017 OK 14, Â¶ 22, 392 P.3d 262, 268. "An insurance company may limit the risk for which it is responsible." Wiley v. Travelers Ins. Co., 1974 OK 147, Â¶ 16, 534 P.2d 1293, 1296. "Every insurance contract shall be construed according to the entirety of its terms and conditions as set forth in the policy and as amplified, extended, or modified by any rider, endorsement, or application attached to and made a part of the policy." 36 O.S.2011, Â§ 3621.

Â¶21 State Farm expressly provided in Amendatory Endorsement 6128AP that it would not allow stacking. This language, while not required by statute, was clear and unambiguous. It is also distinctly similar to the "other insurance" clauses we reviewed in UM cases prior to the statutory amendment, where we found the language clear and unambiguous, but did not enforce it for policy reasons. See Simpson v. Farmers Ins. Co., 1999 OK 51, Â¶Â¶ 9, 14, 981 P.2d 1262, 1265--66.

Â¶22 Thurston argues that we should apply the reasonable expectations doctrine. See Max True Plastering Co. v. U.S. Fid. & Guar. Co., 1996 OK 28, Â¶ 2, 912 P.2d 861, 863. But that doctrine is not applicable here because the insurance contract is not ambiguous. Further, Thurston appears to request that we apply his reasonable expectations from 2012 to his 2015 and 2016 contracts, and therefore waive his duty to read the contract he was currently subject to. See Williams v. TAMKO Bldg. Prod., Inc., 2019 OK 61, Â¶ 9, 451 P.3d 146, 151; see also Silk v. Phillips Petroleum Co., 1988 OK 93, Â¶ 34, 760 P.2d 174, 179. This interpretation would be absurd and therefore must be avoided. See McIntosh v. Watkins, 2019 OK 6, Â¶ 4, 441 P.3d 1094, 1096.

Â¶23 Thurston argues that State Farm charging and accepting separate premiums was an express provision for stacking. Thurston asserts the legislature did not intend for insurers to be able to charge premiums for services they would not provide and argues this outcome is manifestly unjust as he did not receive the UM coverage he paid for. In Keel, we noted that not stacking UM coverage was repugnant to the law and against public policy when (1) the UM statute requires provision of UM coverage with each policy, (2) the statute provides a minimum amount of coverage, and allows the insured to purchase additional coverage, and (3) separate premiums were collected for each coverage. Keel, 1976 OK 86, Â¶ 7, 553 P.2d at 155. That holding was based off our interpretation of the public policy within the statute at that time, which contemplated individuals having recourse to numerous insurance policies while remaining silent on the issue of stacking. See Keel, 1976 OK 86, Â¶ 10, 553 P.2d at 155--56. But the law and public policy expressed within the UM statute has now changed. See 36 O.S. Supp. 2014, Â§ 3636. While the statute and case at hand present the same three facts as Keel, now we have the additional statutory guidance that stacking is not allowed unless expressly provided for by the insurer.

Â¶24 The amendment of Section 3636(B), and the new public policy within, demand a different result. Although not allowing stacking prevents Thurston from receiving primary coverage benefits under multiple policies, he still received secondary coverage on those vehicles--providing UM protection to passengers and permissive users that qualify as insured only by virtue of their physical presence in the vehicle. See Babcock, 1984 OK 84, Â¶Â¶ 10, 13, 695 P.2d at 1343. While Thurston's argument falls in line with this Court's past precedent regarding UM coverage stacking, the amended section 3636(B) must be viewed in the context of section 3636(A)--that UM coverage must still be offered with each policy of insurance. See 36 O.S. Supp. 2014, Â§ 3636(A); see also Beauchamp v. Sw. Nat. Ins. Co., 1987 OK 111, Â¶ 11, 746 P.2d 673, 676.

Â¶25 Although State Farm charged Thurston separate premiums for UM coverage on separate policies, State Farm was required by statute to offer such UM coverage on all extended policies. Acceptance of separate premiums alone is not an express provision for stacking. "It is not this Court's role to review the wisdom or prudence of a legislative expression deciding a public policy." Duke v. Duke, 2020 OK 6, Â¶ 21, 457 P.3d 1073, 1080. And we do not have the authority to rewrite the enactment to comport with our own view of prudent public policy. Head v. McCracken, 2004 OK 84, Â¶ 13, 102 P.3d 670, 680.

Â¶26 Thurston's claims rely, in part, on an affirmative statement from State Farm regarding stacking, made years prior to the amendment of section 3636. But insurers have no affirmative duty to explain the terms of UM coverage, or the advantages or disadvantages of it, to secure an effective rejection. Silver v. Slusher, 1988 OK 53, Â¶Â¶ 9--10, 770 P.2d 878, 883--84; see also Cofer, 1989 OK 159, Â¶ 10, 784 P.2d at 72. We will not hold State Farm to an express statement of stacking made years before section 3636 was amended and the current insurance policies were issued or renewed. State Farm did nothing after 2014 to expressly provide for stacking.

Â¶27 As we previously noted, the legislature is aware that insured individuals often have recourse to more than one policy and the legislature could have required UM coverage on only one policy, to prevent stacking. See Keel, 1976 OK 86, Â¶Â¶ 10--11, 553 P.2d at 155--56. It did not. Because insurers are still required to offer UM coverage with each policy, the legislature must have contemplated the consequences of the new statutory language on those individuals who otherwise would have recourse to more than one policy.

Â¶28 Stacking UM policies here, where the policy expressly provides to the contrary would render the amended statutory language totally meaningless. See Lake v. Wright, 1982 OK 98, Â¶ 14, 657 P.2d 643, 645. We find nothing which mandates stacking UM policies in the face of the express statutory provision and policy language which both provide to the contrary. See Lake, 1982 OK 98, Â¶ 15, 657 P.2d 643, 645; Withrow, 1995 OK 120, Â¶ 13, 905 P.2d at 804. The 2014 amendment effectively overruled Keel, and any progeny, to the extent they require stacking UM coverage due to payment of multiple premiums and ignoring contrary policy provisions.

Â¶29 Thurston had three separate insurance policies. State Farm was required to offer UM coverage on each policy. Thurston chose to pay three separate UM premiums in order to have UM coverage on each policy. Today, we follow the intent of the legislature, as expressed in the statutory text, and find that State Farm did not expressly provide for stacking of UM coverage, under the statute, by accepting the separate premiums for coverage which the amended statute still required them to offer.

IV. CONCLUSION

Â¶30 We find that State Farm charging separate UM premiums for vehicles on separate policies does not fall within section 3636's exception of expressly providing for stacking of UM coverage. Because State Farm did not take action to expressly provide for stacking of UM coverage, they were entitled to judgment as a matter of law. The district court's order granting summary judgment is affirmed. The stay in the district court is lifted and this matter is remanded for further proceedings.

DISTRICT COURT'S ORDER UNDER REVIEW IS AFFIRMED; 
REMANDED FOR FURTHER PROCEEDINGS. 

Gurich, C.J., Darby, V.C.J., Kauger, Winchester, Edmondson, Combs, Kane, and Rowe, JJ., concur;

Colbert, J., dissents.

FOOTNOTES

[1] It is not clear from the record whether Thurston's insurance coverage for the SRX lapsed or he simply did not have UM coverage on the policy in June 2016. The included policy documents for this vehicle show policy effective dates of 11/01/15 through 5/01/2016, with no UM coverage. The record states that the policy was terminated on 6/24/16 and transferred to a different account number; those included documents also show no UM coverage. We do not have policy documents for the period of 5/02/2016 through the date of the accident in the record before us on appeal. Whether or not Thurston had UM coverage on that vehicle is not relevant as the analysis in this opinion is the same for three or four separate policies.

 
 
 [2] Vehicle
 Effective Dates
 Coverage
 Premium
 
 
 2015 Chevrolet K1500
 12/29/15--6/29/16
 UM $25,000/$50,000
 $49.30
 
 
 2013 Chevrolet K1500
 3/02/16--7/11/16
 UM $50,000/$100,000
 $75.43
 
 
 2012 Toyota Camry
 3/02/16--9/02/16
 UM $50,000/$100,000
 $75.43
 
 

[3] Title 36, section 3636 provides in part:

A. No policy insuring against loss resulting from liability imposed by law for bodily injury or death suffered by any person arising out of the ownership, maintenance or use of a motor vehicle shall be issued, delivered, renewed, or extended in this state with respect to a motor vehicle registered or principally garaged in this state unless the policy includes the coverage described in subsection B of this section.

B. The policy referred to in subsection A of this section shall provide coverage therein or supplemental thereto for the protection of persons insured thereunder who are legally entitled to recover damages from owners or operators of uninsured motor vehicles and hit-and-run motor vehicles because of bodily injury, sickness or disease, including death resulting therefrom. . . . . Policies issued, renewed or reinstated after November 1, 2014, shall not be subject to stacking or aggregation of limits unless expressly provided for by an insurance carrier. . . . .

36 O.S. Supp. 2014, Â§ 3636(A),(B).

[4] This is distinctly different from where the legislature required that insurers provide notice to insured of increased minimum UM coverage, on the first renewal after April 1, 2005, if the insured had selected limits lower than the new minimum, but not if the insured had rejected UM coverage, or previously had equal or greater UM coverage. See 36 O.S.Supp. 2014, Â§ 3636(K).