PROGRESSIVE DIRECT INSURANCE CO. v. POPE
2022 OK 4
507 P.3d 688
Case Number: 119309
Decided: 01/11/2022
THE SUPREME COURT OF THE STATE OF OKLAHOMA
Cite as: 2022 OK 4, 507 P.3d 688

 
 

PROGRESSIVE DIRECT INSURANCE COMPANY, Plaintiff/Appellee,
v.
IKIA POPE, Defendant/Appellee,
and
BRANDI POWELL, Defendant/Appellant,
v.
IKIA POPE, Cross Claim Defendant/Appellee.

APPEAL FROM THE DISTRICT COURT OF TULSA COUNTY

¶0 Insurer sought a declaratory judgment in the District Court of Tulsa County for the purpose of adjudicating whether its insurance policy excluded treble damages pursuant to 47 O.S.2011, § 10-10347 O.S. 2011, § 10-103sua sponte. We hold: Statutory treble damages in 47 O.S.2011, § 10-103

DISTRICT COURT JUDGMENT AFFIRMED

Donald E. Smolen, II, Smolen Law, PLLC, Tulsa, Oklahoma, for Defendant/Cross-Claim Plaintiff/Appellant.

Brad L. Roberson and Dawn M. Goeres, Roberson, Kolker, Cooper & Goeres, PC, Edmond, Oklahoma, for Plaintiff/Appellee.

Brian L. Carter, Latham, Steele, Lehman, Keele, Ratliff, Frieje & Carter, Tulsa, Oklahoma, for Defendant/Appellee.

EDMONDSON, J.:

¶1 The controversy in the District Court centered on whether the insurer's policy excluded statutory treble damages pursuant to 47 O.S.2011, § 10-103

I. The Controversy

¶2 Ikia Pope and Brandi Powell were in a motor vehicle collision. Pope left the scene of the collision. Powell alleged Pope drove a vehicle owned by third parties who gave permission for Pope to drive the vehicle. Progressive Direct Insurance Company insured the vehicle driven by Pope.

¶3 Powell made bodily injury and property damage claims with Progressive Direct Insurance Company (insurer). Powell asserted she was entitled to treble property damages pursuant to a statute which states as follows.

The driver of any vehicle involved in an accident resulting only in damage to a vehicle which is driven or attended by any person shall immediately stop such vehicle at the scene of such accident or as close thereto as possible but shall forthwith return to and in every event shall remain at the scene of such accident until he has fulfilled the requirements of Section 10-104 of this title. Every such stop shall be made without obstructing traffic more than is necessary. Any person failing to stop or comply with said requirements under such circumstances shall be guilty of a misdemeanor and upon conviction thereof shall be punished by a fine not to exceed Five Hundred Dollars ($500.00) or by imprisonment in the county jail for not more than one (1) year, or by both such fine and imprisonment. In addition to the criminal penalties imposed by this section, any person violating the provisions of this section shall be subject to liability for damages in an amount equal to three times the value of the damage caused by the accident. Said damages shall be recoverable in a civil action. Nothing in this section shall prevent a judge from ordering restitution for any damage caused by a driver involved in an accident provided for in this section.

47 O.S.2011, § 10-10347 O.S. § 10-103

¶4 Progressive Direct Insurance Company (insurer) filed a District Court petition for a declaratory judgment, and alleged treble damages pursuant to 47 O.S.2011, § 10-103

¶5 Insurer filed a motion for summary judgment for an adjudication whether the insurance policy required indemnification for treble damages pursuant to 47 O.S.2011, § 10-10347 O.S. § 10-103

¶6 The trial court stated the issue for adjudication was whether public policy required statutory treble damages to be excluded from the policy's coverage. The trial court concluded the treble damages in 47 O.S. § 10-103

¶7 Insurer's Petition for declaratory judgment raised the statutory treble damages issue, sought a declaratory judgment, and requested "This Court determine and adjudicate the rights and liabilities of the parties with respect to the subject contract of insurance." Powell responded and filed an answer, cross-claim, and third-party petition on her behalf and as mother and next friend of her minor child who had been a passenger in her mother's vehicle at the time of the collision. Powell asserted property damages and injuries to her person and the person of her minor child as a result of the collision. Powell sought attorney's fees.

¶8 Insurer's motion for summary judgment also sought an adjudication whether Powell was entitled to attorney's fees: "As such, in addition to seeking a judicial determination on the issue of whether the Policy is required to indemnify any treble damages Powell may recover pursuant to 47 O.S. § 10-103

¶9 We have explained "[t]he disposal of a segment of a cause of action is not a judgment but an interlocutory summary adjudication, a limitation on the issues to be tried."

¶10 The parties and trial court did not treat the trial court's April 15th order as a summary judgment adjudication after the trial court's decision; i.e., they did not treat the order as a final determination on the merits of the controversy.

¶11 The settlement agreement referenced in the consent judgment stated an amount of $2,558.74 was paid for Powell's property damage claim pursuant to the parties' agreement.

¶12 Additionally, the claim for statutory treble damages was specifically reserved in the consent judgment as a court-adjudicated and non-consensual property damage claim, and the treble damages claim has been construed by the parties as a property damage claim completely separate from the $2,558.64 property claim. Further, we note the consent judgment states "all parties to bear their own fees and costs," and the issue of attorney fees raised during the partial summary adjudication appears to have been resolved by the consent judgment. There appear to be no claims pending in the District Court controversy and no jurisdictional impediment to our review of the single issue before us involving a right to 47 O.S.2011, § 10-103

¶13 The consent judgment stated Powell had a right to appeal the order entered on April 15, 2020, with the right to appeal that order commencing after the consent judgment was filed. This appeal is not one from the April 15th interlocutory order. Powell appealed the consent judgment for the purpose of challenging the anterior interlocutory summary order adjudicating a right to 47 O.S. § 10-103

¶14 When an order granting summary judgment is appealed the trial court filings serve as the appellate briefs.

¶15 Powell filed a designation of record in this Court consistent with an appeal not governed by Rule 1.36. However, due to issues related to judicial economy, the parties treating the trial court motion as one for summary judgment, and the specific issue presented, the Court exercised an Okla. Const. Art. 7 § 4 discretion controlling the form of an appellate record, and directed the parties to file a Rule 1.36 appellate record and prosecute the appeal pursuant to that Rule.sua sponte to decide the sole issue involving statutory treble damages.

¶16 Powell appealed and raised three formal assignments of error, two of which are: (1) Whether the trial court erred in holding that treble damages pursuant to 47 O.S. § 10-10347 O.S. § 10-103

¶17 Insurer argued: (1) The policy contains no provision for treble damages; (2) The treble damages provided by 47 O.S. § 10-10347 O.S. § 10-10347 O.S. § 10-10347 O.S. § 10-10347 O.S. §10-10347 O.S. § 10-103

¶18 Powell argued: (1) Statutes providing a judgment for multiple damages, i.e, a judgment for an amount by doubling, trebling, or otherwise multiplying a sum assessed as required by the statute are not per se punitive in nature; (2) The treble damages in 47 O.S.2011, §10-10347 O.S. § 10-10347 O.S. § 10-103

II. Appellate Review

¶19 The standard for appellate review of a summary judgment adjudicating an issue of law is de novo, and an appellate court engages in an independent and nondeferential review of the summary judgment adjudication.de novo appellate review similar to review of a summary judgment.de novo in an appeal from the judgment.de novo standard.47 O.S.2011, § 10-103de novo review of the adjudication by the District Court.

III. Analysis

¶20 Generally, compensatory damages "are intended to redress the concrete loss that the plaintiff has suffered by reason of the defendant's wrongful conduct;" but "punitive damages serve a broader function; they are aimed at deterrence and retribution."

¶21 In McIntosh v. Watkins, 2019 OK 6441 P.3d 109447 O.S. §10-10347 O.S. 1961, § 10-103McIntosh, the Legislature's public policy for imposing a criminal penalty and the treble damages in 47 O.S. § 10-10347 O.S. § 10-104

¶22 Powell asserted treble damages may be legislatively created for "any number of non-punitive purposes" which may include "compensating the victim and incentivizing private plaintiffs to enforce their rights." Powell's argument created dichotomous classifications of (1) damages with scienter (classified as punitive by Powell) versus damages without scienter (classified as non-punitive by Powell), and (2) a penal and criminal (punitive) remedy versus a civil (non-punitive) proceeding with treble damages. Again, the U. S. Supreme Court has used a scale of continuous gradation, a continuum or spectrum, between purely compensatory and strictly punitive when classifying various statutory treble-damages provisions as compensatory or punitive for the purpose of their application in civil proceedings.McIntosh, and does not detract from the legislative history discussed in McIntosh and which was used for concluding 47 O.S. § 10-103

¶23 Powell also relied on Alea London, Ltd. v. Am. Home Servs., Inc., 638 F.3d 768 (11th Cir. 2011), where an insurance policy excluded punitive damages, did not define punitive damages, and the disputed issue was whether a statute which allowed an amount of damages up to a trebling of the statutory compensatory damages in 47 U.S.C. § 227(b)(3) also constituted punitive damages for the purpose of the punitive damages exclusion in the policy. The Circuit Court noted the U. S. Supreme Court's spectrum of compensatory and punitive awards, and the disputed issue turned on "the workings of a particular statute and the course of particular litigation."

¶24 Nothing in Alea London's analysis detracts from our Court's conclusion in McIntosh that our Legislature desired to deter a driver from fleeing the scene of an accident by legislatively imposing treble damages as a type of civil punitive damages on the compensatory-punitive spectrum. We again conclude the treble damages in 47 O.S.2011, § 10-103

¶25 Some states allow the insurability of punitive damages directly or vicariously assessed against the insured when provided by the insurance policy.Dayton Hudson Corp. v. American Mut. Liability Ins. Co., 1980 OK 193621 P.2d 1155when such damages were not "specifically excluded" by the policy.

¶26 This Court has recognized for more than one-hundred years that an insurer and insured are free to agree to a policy's provisions and how they are construed, provided such agreement does not conflict with public policy.47 O.S.2011, § 10-103

¶27 An insurance policy is issued pursuant to statutes, and the provisions of those statutes are given force and effect as if written into the policy.

¶28 The punitive nature of treble damages in 47 O.S. § 10-103Dayton Hudson stated a policy's coverage included punitive damages unless excluded by the language of the policy. A few years later in 1987, 47 O.S. § 10-10347 O.S. § 10-103

¶29 Generally, a statutory multiplier for damages has a punitive nature when damages are meant to punish "the wrongdoer" and to act as a deterrent to others.41 O.S.1981 § 101et seq., we stated: "Considering the legislature's apparent intent in enacting the ORLTA together with prior case law, we find that the tenant's cause of action is regulated and determined by the statute, as is the remedy."47 O.S.2011, § 10-103

¶30 Considering the well-known history of statutorily multiplied damages in the context of a combined punitive and deterrent purpose, our discussion of the Legislature's purpose for 47 O.S. § 10-10347 O.S.2011, § 10-10347 O.S.2011, § 10-103

IV. Conclusion

¶31 The District Court relied on McIntosh and concluded the treble damages provision in 47 O.S.2011, § 10-103

¶32 The District Court's consent judgment was based, in part, on its prior adjudication stating statutory treble damages in 47 O.S.2011, § 10-10347 O.S. 2011, § 10-103

¶33 The District Court's consent judgment is affirmed.

¶34 CONCUR: DARBY, C.J.; KANE, V.C.J.; WINCHESTER, EDMONDSON, COMBS, GURICH, ROWE, and KUEHN, JJ.

¶35 NOT PARTICIPATING: KAUGER, J.

FOOTNOTES

Teel v. Public Serv. Co., 1985 OK 112767 P.2d 391Hull v. Sun Refining and Marketing Co., 1989 OK 168789 P.2d 1272

Andrew v. Depani-Sparkes, 2017 OK 42396 P.3d 210LCR, Inc. v. Linwood Properties, 1996 OK 73918 P.2d 1388

Id. 2017 OK 4212 O.S. § 994House v. Town of Dickson, 2007 OK 57193 P.3d 96412 O.S. 2011 § 68112 O.S. 2011 § 696.212 O.S.2011 § 696.3see also Casey v. Casey, 2005 OK 13109 P.3d 34512 O.S.2001 § 994Richardson, Richardson and Boudreaux, PLCC v. Morrissey, 2012 OK 52283 P.3d 308Oklahoma Dept. of Securities ex rel. Faught v. Blair, 2010 OK 16231 P.3d 64512 O.S.2011 § 681

City of Broken Arrow v. Bass Pro Outdoor World, L.L.C., 2011 OK 1250 P.3d 305Union Oil Co. of Calif. v. Board of Equalization, 1996 OK 40913 P.2d 1330

Liberty Bank & Tr. Co. v. Rogalin, 1996 OK 10912 P.2d 836Okla. City Urban Renewal Auth. v. City of Okla. City, 2005 OK 2110 P.3d 55012 O.S. § 994

Whitehorse v. Johnson, 2007 OK 11156 P.3d 41

Hamm v. Hamm, 2015 OK 27350 P.3d 124see also City of Lawton v. Ayres, 1914 OK 139139 P. 963

Cox v. Kansas City Life Ins. Co., 1999 OK 57983 P.2d 1025Teel v. Public Serv. Co., supra note 2, at 767 P.2d at 396).

12 O.S.2011 § 952

Lincoln Farm, L.L.C. v. Oppliger, 2013 OK 85315 P.3d 971

Farley v. City of Claremore, 2020 OK 30465 P.3d 1213Harkrider v. Posey, 2000 OK 9424 P.3d 821

Andrew v. Depani-Sparkes, supra note 3, at 2017 OK 42

Shepard v. Okla. Dept. of Corrections, 2015 OK 8345 P.3d 377

Johnson v. CSAA General Ins. Co., 2020 OK 110478 P.3d 422De novo appellate review is used for issues of law arising from both § 2012(B)(6) motion to dismiss and summary judgment adjudications.").

Thurston v. State Farm Mut. Auto. Ins. Co., 2020 OK 105478 P.3d 415American Biomedical Grp. v. Techtrol, Inc., 2016 OK 55374 P.3d 820

Indep. Sch. Dist. No. 52 of Okla. Cty. v. Hofmeister, 2020 OK 56473 P.3d 475de novo appellate review is used by the Court"); State ex rel. Okla. State Bd. of Med. Licensure and Supervision v. Rivero, 2021 OK 31489 P.3d 36de novo standard of review.").

In re Oneok Field Services Gathering, LLC, 2001 OK 11638 P.3d 900de novo review."); see also K & H Well Serv., Inc. v. Tcina, Inc., 2002 OK 6251 P.3d 1219de novo by an appellate court).

Johnson, supra note 17, at ¶ 9, 478 P.3d at 426.

State Farm Mut. Auto. Insur. Co. v. Campbell, 538 U.S. 408, 416, 123 S.Ct. 1513, 155 L.Ed.2d 585 (2003).

PacifiCare Health Sys., Inc. v. Book, 538 U.S. 401, 405, 123 S.Ct. 1531, 155 L.Ed.2d 578 (2003).

Id. 538 U.S. at 405 (citing Vermont Agency of Nat. Resources v. U. S. ex rel. Stevens, 529 U.S. 765, 784, 120 S.Ct. 1858, 146 L.Ed.2d 836 (2000) and construction of the False Claims Act, 31 U.S.C. §§ 3729--3733).

Id. 538 U.S. at 405-06 (citing Brunswick Corp. v. Pueblo Bowl--O--Mat, Inc., 429 U.S. 477, 485, 97 S.Ct. 690, 50 L.Ed.2d 701 (1977) and construction of treble-damages provision of § 4 of the Clayton Act, 15 U.S.C. § 15).

Id. 538 U.S. at 406 (citing American Soc. of Mechanical Engineers, Inc. v. Hydrolevel Corp., 456 U.S. 556, 575, 102 S.Ct. 1935, 72 L.Ed.2d 330 (1982), construction of § 4 of the Clayton Act, 15 U.S.C. § 15 (1976), and conclusion an antitrust private action allowing for treble damages was created primarily as a remedy for the victims of antitrust violations).

Id. (citing Cook County v. U. S. ex rel. Chandler, 538 U.S. 119, 123 S.Ct. 1239, 155 L.Ed.2d 247 (2003) and its recognition "treble damages have a compensatory side, serving remedial purposes in addition to punitive objectives").

Id. (citing Agency Holding Corp. v. Malley--Duff & Assocs., Inc., 483 U.S. 143, 151, 107 S.Ct. 2759, 97 L.Ed.2d 121 (1987), and concluding both RICO, 18 U.S.C. § 1964 (1982 ed. and Supp. III), and § 4 of the Clayton Act (15 U.S.C. § 15) were designed to remedy economic injury by providing for the recovery of treble damages, costs, and attorney's fees).

Id. (citing Shearson/American Express Inc. v. McMahon, 482 U.S. 220, 241, 107 S.Ct. 2332, 96 L.Ed.2d 185 (1987) noting "remedial function" of RICO's treble-damages provision).

Thiry v. Armstrong World Inds., 1983 OK 28661 P.2d 515

Goss v. Trinity Savs. & Loan Ass'n, 1991 OK 19813 P.2d 492cf. LeFlore v. Reflections of Tulsa, Inc., 1985 OK 72708 P.2d 1068Oller v. Hicks, 1967 OK 240441 P.2d 356

McIntosh v. Watkins, 2019 OK 6

Id. 2019 OK 6

But see, e.g., U.S. v. Jackson, 736 F.3d 953, 957-959 (10th Cir. 2013), cert. denied, 572 U.S. 1041, 134 S. Ct. 1777, 188 L. Ed. 2d 606 (2014) (omission of an expression of scienter from a statute does not necessarily transform the statute into one of strict liability, and the court also noted proof of certain conduct was proof of a type of scienter showing culpability); Wagoner v. Bennett, 1991 OK 70814 P.2d 476infra at ¶ 29 and the discussion of statutory damages governed by statutory language.

Alea London, Ltd., 638 F.3d at 776-777.

See, e.g., Whalen v. On-Deck, Inc., 514 A.2d 1072 (Del. 1986) (public policy of the State did not prohibit the issuance of an insurance contract that covered punitive damages, and the controversy was remanded for a determination if the policy covered such damages); Abbie Uriguen Oldsmobile Buick, Inc. v. U. S. Fire Ins. Co., 95 Idaho 501, 511 P.2d 783 (1973) (when a policy made no distinction between actual and punitive damages, and punitive damages were not specifically excluded from the policy language, then punitive damages were included under the provision of the policy the insurer promised to pay all sums which the insured was legally obligated to pay as damages caused by the use of an automobile).

Magnum Foods Inc. v. Cont'l Cas. Co., 36 F.3d 1491, 1504 (10th Cir. 1994) (citing Dayton Hudson Corp. v. American Mut. Liability Ins. Co., 1980 OK 193621 P.2d 1155Aetna Cas. & Sur. Co. v. Craig, 1989 OK 43771 P.2d 212Oliver v. Producers Gas Co., 1990 OK CIV APP 28798 P.2d 1090

Dayton Hudson Corp., 621 P.2d at 1158 (emphasis added).

Hensley v. State Farm Fire & Cas. Co., 2017 OK 57398 P.3d 11

Thurston v. State Farm Mut. Auto. Ins. Co., 2020 OK 105478 P.3d 415

Johnson v. CSAA Gen. Ins. Co., 2020 OK 110478 P.3d 422

2019 OK 3457 P.3d 997

See, e.g., U.S. ex rel. Marcus v. Hess, 317 U.S. 537, 550-51, 63 S.Ct. 379, 87 L.Ed. 443 (1943) (statute providing civil remedy in the amount of double damages afforded complete indemnity [or compensatory damages] for the injuries suffered, Congress could provide three-fold and remain fully in the common law tradition, and "This Court has noted the general practice in state statutes of allowing double or treble or even quadruple damages.").

Id. 317 U. S. at 551 (citing O'Sullivan v. Felix, 233 U.S. 318, 324, 325, 34 S.Ct. 596, 58 L.Ed. 980 (1914) and stating: "Punitive or exemplary damages have been held recoverable under a statute like this which combines provision for criminal punishment with others which afford a civil remedy to the individual injured.").

Wagoner v. Bennett, 1991 OK 70814 P.2d 476

Id. 814 P.2d at 481.

Id. 814 P.2d at 480 (emphasis added).