PROGRESSIVE DIRECT INSURANCE CO. v. POPE

Skip to Main Content
Accessibility Statement

Help
Contact Us

e-payments
Careers

Home
Courts
Decisions
Programs
News
Legal Research
Court Records
Quick Links

OSCN Found Document:PROGRESSIVE DIRECT INSURANCE CO. v. POPE

Previous Case

Top Of Index

This Point in Index

Citationize

Next Case

Print Only

PROGRESSIVE DIRECT INSURANCE CO. v. POPE2022 OK 4Case Number: 119309Decided: 01/11/2022THE SUPREME COURT OF THE STATE OF OKLAHOMA
Cite as: 2022 OK 4, __ P.3d __

NOTICE: THIS OPINION HAS NOT BEEN RELEASED FOR PUBLICATION. UNTIL RELEASED, IT IS SUBJECT TO REVISION OR WITHDRAWAL.

 

 

PROGRESSIVE DIRECT INSURANCE COMPANY, Plaintiff/Appellee,
v.
IKIA POPE, Defendant/Appellee,
and
BRANDI POWELL, Defendant/Appellant,
v.
IKIA POPE, Cross Claim Defendant/Appellee.

APPEAL FROM THE DISTRICT COURT OF TULSA COUNTY

¶0 Insurer sought a declaratory judgment in the District Court of Tulsa County for the purpose of adjudicating whether its insurance policy excluded treble damages pursuant to 47 O.S.2011, § 10-103. Insurer filed a motion for summary judgment, and the Honorable J. Doug Drummond, District Judge, concluded the treble damages provided by 47 O.S. 2011, § 10-103 were punitive in nature, and the damages were excluded by a clause excluding punitive damages. Injured motorist appealed the subsequent consent judgment which was based, in part, upon the trial court's adjudication of the treble damages issue. The Supreme Court retained the appeal sua sponte. We hold: Statutory treble damages in 47 O.S.2011, § 10-103 are punitive in nature and punitive damages were expressly excluded by the policy.

DISTRICT COURT JUDGMENT AFFIRMED

Donald E. Smolen, II, Smolen Law, PLLC, Tulsa, Oklahoma, for Defendant/Cross-Claim Plaintiff/Appellant.

Brad L. Roberson and Dawn M. Goeres, Roberson, Kolker, Cooper & Goeres, PC, Edmond, Oklahoma, for Plaintiff/Appellee.

Brian L. Carter, Latham, Steele, Lehman, Keele, Ratliff, Frieje & Carter, Tulsa, Oklahoma, for Defendant/Appellee.

EDMONDSON, J.:

¶1 The controversy in the District Court centered on whether the insurer's policy excluded statutory treble damages pursuant to 47 O.S.2011, § 10-103 because of an exclusionary clause for punitive damages in the policy. The trial court stated the treble damages were punitive in nature and excluded by the policy. We agree, and affirm the District Court.

I. The Controversy

¶2 Ikia Pope and Brandi Powell were in a motor vehicle collision. Pope left the scene of the collision. Powell alleged Pope drove a vehicle owned by third parties who gave permission for Pope to drive the vehicle. Progressive Direct Insurance Company insured the vehicle driven by Pope.

¶3 Powell made bodily injury and property damage claims with Progressive Direct Insurance Company (insurer). Powell asserted she was entitled to treble property damages pursuant to a statute which states as follows.

The driver of any vehicle involved in an accident resulting only in damage to a vehicle which is driven or attended by any person shall immediately stop such vehicle at the scene of such accident or as close thereto as possible but shall forthwith return to and in every event shall remain at the scene of such accident until he has fulfilled the requirements of Section 10-104 of this title. Every such stop shall be made without obstructing traffic more than is necessary. Any person failing to stop or comply with said requirements under such circumstances shall be guilty of a misdemeanor and upon conviction thereof shall be punished by a fine not to exceed Five Hundred Dollars ($500.00) or by imprisonment in the county jail for not more than one (1) year, or by both such fine and imprisonment. In addition to the criminal penalties imposed by this section, any person violating the provisions of this section shall be subject to liability for damages in an amount equal to three times the value of the damage caused by the accident. Said damages shall be recoverable in a civil action. Nothing in this section shall prevent a judge from ordering restitution for any damage caused by a driver involved in an accident provided for in this section.

47 O.S.2011, § 10-103 (emphasis added). Powell relied upon the language stating "any person violating the provisions of this section shall be subject to liability for damages in an amount equal to three times the value of the damage caused by the accident." The parties indicate Pope "pled no contest to criminal misdemeanor charges . . . including a violation of 47 O.S. § 10-103."

¶4 Progressive Direct Insurance Company (insurer) filed a District Court petition for a declaratory judgment, and alleged treble damages pursuant to 47 O.S.2011, § 10-103, did not apply to its insurance policy. Powell filed an answer, cross-claim against Pope, and a third-party petition against third-parties who were the alleged owners of the vehicle Pope was driving.

¶5 Insurer filed a motion for summary judgment for an adjudication whether the insurance policy required indemnification for treble damages pursuant to 47 O.S.2011, § 10-103. Powell filed an objection to insurer's motion. Powell disagreed with insurer's interpretations of the insurance policy and 47 O.S. § 10-103, as well as the insurer's factual valuation of damage to Powell's vehicle. Insurer filed a reply supporting its motion for a summary judgment.

¶6 The trial court stated the issue for adjudication was whether public policy required statutory treble damages to be excluded from the policy's coverage. The trial court concluded the treble damages in 47 O.S. § 10-103 "is more aligned with the definition of punitive damages than it is with non-punitive or compensatory [damages]." The trial court concluded a punitive purpose in statutory language would be frustrated by allowing a driver to shift the statutory economic burden to an insurer. The trial court determined the policy did not include coverage for the statutory treble damages, and granted a part of the insurer's motion for a summary adjudication.

¶7 Insurer's Petition for declaratory judgment raised the statutory treble damages issue, sought a declaratory judgment, and requested "This Court determine and adjudicate the rights and liabilities of the parties with respect to the subject contract of insurance." Powell responded and filed an answer, cross-claim, and third-party petition on her behalf and as mother and next friend of her minor child who had been a passenger in her mother's vehicle at the time of the collision. Powell asserted property damages and injuries to her person and the person of her minor child as a result of the collision. Powell sought attorney's fees.

¶8 Insurer's motion for summary judgment also sought an adjudication whether Powell was entitled to attorney's fees: "As such, in addition to seeking a judicial determination on the issue of whether the Policy is required to indemnify any treble damages Powell may recover pursuant to 47 O.S. § 10-103, Progressive also seeks a judicial determination as to whether the Policy is required to indemnify any award of attorney fees for Powell."1 The trial court's "Order" adjudicating insurer's motion was filed in the trial court on April 15, 2020, and states: "The Plaintiff's Motion for Summary Judgment is sustained as to the treble damages issue." The trial court also stated: "As to the attorney fee issue, the Court will reserve any decision on the matter until (or if) an application for attorney fees is submitted."

¶9 We have explained "[t]he disposal of a segment of a cause of action is not a judgment but an interlocutory summary adjudication, a limitation on the issues to be tried."2 Of course, a partial summary adjudication which is lacking finality and appealability as a non-appealable interlocutory order "is but an intermediate order in the case," remains within the trial judge's complete control to modify or alter at any time before judgment," and a motion to reconsider or otherwise challenging that intermediate order "is to be treated as a request for reconsideration of an intermediate ruling in the case.3 A trial court's partial summary adjudication on an issue of law related to a cause of action and occurring anterior to judgment is not usually immediately appealable, but the interlocutory decision may thereafter be reviewed when a judgment is appealed.4 The parties did not request a review of the interlocutory order in the trial court.

¶10 The parties and trial court did not treat the trial court's April 15th order as a summary judgment adjudication after the trial court's decision; i.e., they did not treat the order as a final determination on the merits of the controversy.5 A Journal Entry of Consent Judgment was filed several months later on December 10, 2020. The parties treated the order of April 15, 2020, as an uncertified partial summary adjudication,6 which was appealable after the consent judgment was filed.

¶11 The settlement agreement referenced in the consent judgment stated an amount of $2,558.74 was paid for Powell's property damage claim pursuant to the parties' agreement.7 Generally, a party who voluntarily accepts the benefits from a judgment cannot question the validity of the judgment in an appeal.8 One of the exceptions to this rule may occur when "it is only possible to receive a more favorable judgment, but not a less favorable one."9 Powell's appeal does not create the possibility of a less favorable judgment for Powell.

¶12 Additionally, the claim for statutory treble damages was specifically reserved in the consent judgment as a court-adjudicated and non-consensual property damage claim, and the treble damages claim has been construed by the parties as a property damage claim completely separate from the $2,558.64 property claim. Further, we note the consent judgment states "all parties to bear their own fees and costs," and the issue of attorney fees raised during the partial summary adjudication appears to have been resolved by the consent judgment. There appear to be no claims pending in the District Court controversy and no jurisdictional impediment to our review of the single issue before us involving a right to 47 O.S.2011, § 10-103 treble damages.

¶13 The consent judgment stated Powell had a right to appeal the order entered on April 15, 2020, with the right to appeal that order commencing after the consent judgment was filed. This appeal is not one from the April 15th interlocutory order. Powell appealed the consent judgment for the purpose of challenging the anterior interlocutory summary order adjudicating a right to 47 O.S. § 10-103 treble damages.10 Appellate jurisdiction is based upon a timely appeal from the judgment in the controversy. An accelerated appellate procedure is provided by Oklahoma Supreme Court Rule 1.36 for appeals from (1) a District Court Rule 13 order granting summary judgment, and (2) final orders in cases in which motions to dismiss for failure to state a claim or lack of jurisdiction (of a person or subject matter) under District Court Rule 4 were filed after October 1, 1993.11 Powell properly filed a petition in error seeking appellate review outside the scope of Okla. Sup. Ct. Rule 1.36 summary judgment appeal.

¶14 When an order granting summary judgment is appealed the trial court filings serve as the appellate briefs.12 Insurer attempted to litigate the issue before us by using a motion for summary judgment in the trial court. The trial court's order did not grant the requested summary judgment, but instead granted a partial summary adjudication anterior to judgment. Our review of an interlocutory partial summary adjudication upon appeal of the subsequent judgment is similar to our review of a motion for summary judgment, and we examine the trial court submissions actually used by the parties and the trial court to adjudicate the motion.13

¶15 Powell filed a designation of record in this Court consistent with an appeal not governed by Rule 1.36. However, due to issues related to judicial economy, the parties treating the trial court motion as one for summary judgment, and the specific issue presented, the Court exercised an Okla. Const. Art. 7 § 4 discretion controlling the form of an appellate record, and directed the parties to file a Rule 1.36 appellate record and prosecute the appeal pursuant to that Rule.14 The Court also retained the appeal sua sponte to decide the sole issue involving statutory treble damages.15

¶16 Powell appealed and raised three formal assignments of error, two of which are: (1) Whether the trial court erred in holding that treble damages pursuant to 47 O.S. § 10-103 are necessarily punitive in nature; and (2) Whether the trial court erred in holding that public policy requires excluding treble damages pursuant to 47 O.S. § 10-103 from automobile liability insurance coverage.16

¶17 Insurer argued: (1) The policy contains no provision for treble damages; (2) The treble damages provided by 47 O.S. § 10-103 are punitive or exemplary in nature and are excluded by the policy; (3) Oklahoma public policy disfavors indemnification of an award based upon treble damages in 47 O.S. § 10-103; (4) A violation of 47 O.S. § 10-103 is not an "accident" and treble damages in 47 O.S. § 10-103 are not a "covered loss" pursuant to the policy; (5) Treble damages awarded pursuant to 47 O.S. §10-103 are not "damages for . . . property damage" and are not a covered loss pursuant to the policy; and (6) Treble damages pursuant to 47 O.S. § 10-103 arise from an intentional act and are "excluded from coverage."

¶18 Powell argued: (1) Statutes providing a judgment for multiple damages, i.e, a judgment for an amount by doubling, trebling, or otherwise multiplying a sum assessed as required by the statute are not per se punitive in nature; (2) The treble damages in 47 O.S.2011, §10-103 are not excluded from coverage by a public policy exclusion for punitive damages; (3) If the public policy exclusion for punitive damages applies generally, it does not apply to third-party defendants' liability; (4) The insurance policy provides for treble damages pursuant to 47 O.S. § 10-103; (5) Treble damages pursuant to 47 O.S. § 10-103 are not excluded by the insurance policy; and (6) The intentional act exclusion does not exclude coverage for treble damages as a matter of law.

II. Appellate Review

¶19 The standard for appellate review of a summary judgment adjudicating an issue of law is de novo, and an appellate court engages in an independent and nondeferential review of the summary judgment adjudication.17 A trial court's summary adjudication or partial summary adjudication deciding an issue of law receives a de novo appellate review similar to review of a summary judgment.18 Generally, the meaning, construction, or interpretation of statutory language presents an issue of law.19 A trial court's judgment based upon application of statutory language is reviewed de novo in an appeal from the judgment.20 When the meaning assigned by the trial court to an insurance contract and its terms is based upon a legal conclusion, then the assignment of error on appeal presents a legal question and is reviewed using a de novo standard.21 The meaning, construction, or interpretation of the language in 47 O.S.2011, § 10-103 presents a question of law for our de novo review of the adjudication by the District Court.

III. Analysis

¶20 Generally, compensatory damages "are intended to redress the concrete loss that the plaintiff has suffered by reason of the defendant's wrongful conduct;" but "punitive damages serve a broader function; they are aimed at deterrence and retribution."22 Statutorily specified damages are slightly different in that they may be compensatory, punitive, or a mixture of the two depending upon the legislative purpose served by the particular statutory damages. For example, the United States Supreme Court has examined different statutory treble-damages provisions and placed them "on different points along the spectrum between purely compensatory and strictly punitive awards."23 The Court has characterized various statutory treble-damages provisions on this spectrum as "essentially punitive in nature,"24 "a remedial provision,"25 "a remedy for the victims of antitrust violations,"26 capable of possessing a compensatory remedial purpose as well as a punitive objective,27 designed to remedy an economic injury,28 and serving a "remedial function."29 The Court explained distinguishing a remedial payback and punishment defies general formulation because the difference between the two is dependent "on the workings of a particular statute and the course of particular litigation."30 Similarly, our Court has looked to whether the intent and purpose of damages are punitive or to compensate an individual plaintiff.31 We have classified a statute punitive in nature rather than compensatory when the "primary intent of the statute" was to deter a type of behavior.32

¶21 In McIntosh v. Watkins, 2019 OK 6, 441 P.3d 1094, we explained 47 O.S. §10-103 was amended several years ago to add both a criminal penalty and civil treble damages: "Title 47 O.S. 1961, § 10-103 has only been amended once since its enactment. HB 1458 (1987) amended § 10-103 to add a specific punishment provision, to provide the current scheme for treble damages and to authorize a court to order restitution."33 We then noted the treble damages language was enacted for the purpose of deterrence: "The obvious public policy behind the treble damages provision is to provide an added level of deterrence against hit-and-run drivers who damage attended vehicles."34 According to McIntosh, the Legislature's public policy for imposing a criminal penalty and the treble damages in 47 O.S. § 10-103 were to create a deterrence by imposing punitive measures upon a driver "involved in an accident" who did not fulfill the requirements of 47 O.S. § 10-104 and fled the scene of the accident.

¶22 Powell asserted treble damages may be legislatively created for "any number of non-punitive purposes" which may include "compensating the victim and incentivizing private plaintiffs to enforce their rights." Powell's argument created dichotomous classifications of (1) damages with scienter (classified as punitive by Powell) versus damages without scienter (classified as non-punitive by Powell), and (2) a penal and criminal (punitive) remedy versus a civil (non-punitive) proceeding with treble damages. Again, the U. S. Supreme Court has used a scale of continuous gradation, a continuum or spectrum, between purely compensatory and strictly punitive when classifying various statutory treble-damages provisions as compensatory or punitive for the purpose of their application in civil proceedings.35 Further, we need not address the logical coherence of Powell's scienter argument36 since the authority cited originates from other jurisdictions and predates McIntosh, and does not detract from the legislative history discussed in McIntosh and which was used for concluding 47 O.S. § 10-103 was amended for the purpose of deterrence and controlling behavior of drivers.

¶23 Powell also relied on Alea London, Ltd. v. Am. Home Servs., Inc., 638 F.3d 768 (11th Cir. 2011), where an insurance policy excluded punitive damages, did not define punitive damages, and the disputed issue was whether a statute which allowed an amount of damages up to a trebling of the statutory compensatory damages in 47 U.S.C. § 227(b)(3) also constituted punitive damages for the purpose of the punitive damages exclusion in the policy. The Circuit Court noted the U. S. Supreme Court's spectrum of compensatory and punitive awards, and the disputed issue turned on "the workings of a particular statute and the course of particular litigation."37 The Circuit Court focused on two issues: (1) The amount multiplied was a small determined statutory amount, $500.00; and (2) Damages could be trebled without any showing the defendant's conduct was an entire lack of care, willful misconduct, wantonness, or conscious indifference to consequences. The court concluded the purpose of allowing a statutory trebling of the statutory amount was to encourage plaintiffs to file suit, and was not based upon deterring or punishing the defendant's conduct.

¶24 Nothing in Alea London's analysis detracts from our Court's conclusion in McIntosh that our Legislature desired to deter a driver from fleeing the scene of an accident by legislatively imposing treble damages as a type of civil punitive damages on the compensatory-punitive spectrum. We again conclude the treble damages in 47 O.S.2011, § 10-103 serve a deterrence and punitive purpose. The issue presented by the parties is the effect of this classification upon the policy of insurance at issue.

¶25 Some states allow the insurability of punitive damages directly or vicariously assessed against the insured when provided by the insurance policy.38 More than twenty-five years ago, the United States Court of Appeals for the Tenth Circuit stated: "Oklahoma courts adhere to the view that public policy prohibits liability insurance coverage of punitive damages except where the party seeking the benefit of insurance coverage has been held liable for punitive damages solely due to conduct of another, under principles of vicarious liability."39 In Dayton Hudson Corp. v. American Mut. Liability Ins. Co., 1980 OK 193, 621 P.2d 1155, 16 A.L.R.4th 1, this Court explained a policy provision requiring insurer to pay "for all sums which the insured might become legally obligated to pay" was sufficiently broad to include liability for punitive damages when such damages were not "specifically excluded" by the policy.40

¶26 This Court has recognized for more than one-hundred years that an insurer and insured are free to agree to a policy's provisions and how they are construed, provided such agreement does not conflict with public policy.41 The policy at issue states the insurer "will pay damages for bodily injury and property damage for which an insured person becomes legally responsible because of an accident."42 However, the insurance policy also lists exclusions from coverage, and the list includes "9. bodily injury or property damage caused by an intentional act of that insured person," and "16. punitive or exemplary damages."43 The parties disagree whether the exclusion "punitive or exemplary damages" includes within its meaning the treble damages in 47 O.S.2011, § 10-103.

¶27 An insurance policy is issued pursuant to statutes, and the provisions of those statutes are given force and effect as if written into the policy.44 Courts construe terms in an insurance policy consistent with insurance statutes on the same subject.45 The interpretation of an insurance contract and whether it is ambiguous is determined by the court as a matter of law.46

¶28 The punitive nature of treble damages in 47 O.S. § 10-103 is not ambiguous. Our 1980 opinion in Dayton Hudson stated a policy's coverage included punitive damages unless excluded by the language of the policy. A few years later in 1987, 47 O.S. § 10-103 was amended to include a criminal penalty and treble civil damages. At the time of this amendment to 47 O.S. § 10-103, the U. S. Supreme Court already had a history of discussing treble and quadruple statutory damages as a form of civil punitive damages.47 Statutes combining a criminal penalty and a civil statutory punitive damages provision existed many years prior to 1987.48

¶29 Generally, a statutory multiplier for damages has a punitive nature when damages are meant to punish "the wrongdoer" and to act as a deterrent to others.49 One cause of action may not be used to claim both common-law punitive damages and statutory punitive damages when the statutorily-authorized damages are designed to supplant the common-law punitive damages for that cause of action.50 The nature of the wrongful conduct sufficient to support an award of statutory punitive damages is not necessarily synonymous with wrongful conduct to support an award of common-law punitive damages. For example, when discussing the 1981 version of the Oklahoma Residential Landlord Tenant Act, (ORLTA) 41 O.S.1981 § 101 et seq., we stated: "Considering the legislature's apparent intent in enacting the ORLTA together with prior case law, we find that the tenant's cause of action is regulated and determined by the statute, as is the remedy."51 In other words, the scope of statutory punitive damages and the nature of conduct authorizing such may be based upon and controlled by the statutory language, and 47 O.S.2011, § 10-103 states when treble damages are authorized.

¶30 Considering the well-known history of statutorily multiplied damages in the context of a combined punitive and deterrent purpose, our discussion of the Legislature's purpose for 47 O.S. § 10-103 in 1987, and construction of this statute as part of the insurance policy, we conclude the statutory treble damages in 47 O.S.2011, § 10-103 are for the purpose of controlling conduct of drivers and are punitive in nature. We conclude the treble damages in 47 O.S.2011, § 10-103 are punitive for the purpose of the exclusion in the policy.

IV. Conclusion

¶31 The District Court relied on McIntosh and concluded the treble damages provision in 47 O.S.2011, § 10-103 had a primary purpose to deter hit-and-run drivers, and "is more aligned with the definition of punitive damages than it is with non-punitive or compensatory" damages. We agree.

¶32 The District Court's consent judgment was based, in part, on its prior adjudication stating statutory treble damages in 47 O.S.2011, § 10-103 were punitive damages, and punitive damages were expressly excluded by the policy. We agree. The statutory treble damages in 47 O.S. 2011, § 10-103 were excluded by the policy.

¶33 The District Court's consent judgment is affirmed.

¶34 CONCUR: DARBY, C.J.; KANE, V.C.J.; WINCHESTER, EDMONDSON, COMBS, GURICH, ROWE, and KUEHN, JJ.

¶35 NOT PARTICIPATING: KAUGER, J.

FOOTNOTES

1 Appellant's Record on Accelerated Appeal, Plaintiff's Motion for Summary Judgment (Jan. 22, 2020), p. 1.

2 Teel v. Public Serv. Co., 1985 OK 112, 767 P.2d 391, 395, superseded in part by statute on other grounds noted in Hull v. Sun Refining and Marketing Co., 1989 OK 168, 789 P.2d 1272, 1278.

3 Andrew v. Depani-Sparkes, 2017 OK 42, ¶ 14, 396 P.3d 210, 217 (quoting LCR, Inc. v. Linwood Properties, 1996 OK 73, 918 P.2d 1388, 1393).

4 Id. 2017 OK 42, ¶¶ 13-14, 396 P.3d at 216-217 (partial summary adjudication was not an interlocutory order immediately appealable, and decision did not become reviewable on appeal until after 12 O.S. § 994 certification) (citing House v. Town of Dickson, 2007 OK 57, ¶ 9, 193 P.3d 964, 967-68 (partial summary adjudication was not a judgment pursuant to 12 O.S. 2011 § 681) and 12 O.S. 2011 § 696.2 (D) (judgment must conform to 12 O.S.2011 § 696.3)); see also Casey v. Casey, 2005 OK 13, n.5 109 P.3d 345, 347 (explaining 12 O.S.2001 § 994); Richardson, Richardson and Boudreaux, PLCC v. Morrissey, 2012 OK 52, n.4, 283 P.3d 308, 310 (upon entry of a judgment a cause of action is merged into the judgment and the cause of action ceases to exist (citing Oklahoma Dept. of Securities ex rel. Faught v. Blair, 2010 OK 16, n.41, 231 P.3d 645, 668)); 12 O.S.2011 § 681 ("A judgment is the final determination of the rights of the parties in an action.").

5 City of Broken Arrow v. Bass Pro Outdoor World, L.L.C., 2011 OK 1, n.2, 250 P.3d 305, 310 (citing Union Oil Co. of Calif. v. Board of Equalization, 1996 OK 40, 913 P.2d 1330, 1334, a trial court granting a summary judgment motion is an adjudication on the merits of a cause of action).

6 Liberty Bank & Tr. Co. v. Rogalin, 1996 OK 10, 912 P.2d 836, 838 (when an action contains more than one claim for relief and a judgment is rendered that leaves a claim or claims unadjudicated, that judgment is not an appealable event in the absence of the statutorily required certificate of the trial judge; and if the unadjudicated claim arises from the same transaction or occurrence as the adjudicated claim the District Court does not have the power to enter a final appealable order as to only the adjudicated portion); Okla. City Urban Renewal Auth. v. City of Okla. City, 2005 OK 2, ¶ 11, 110 P.3d 550, 557 (A judgment is unsuitable for 12 O.S. § 994 certification when the court disposes of but a portion of the contest by leaving unresolved any issue on the merits of the partly-decided claim.).

7 Whitehorse v. Johnson, 2007 OK 11, ¶ 10, 156 P.3d 41, 46 (A consent judgment is an agreement of the parties entered upon the record with the sanction of the trial court; and this agreement of the parties, while not a judicial determination of the rights of the parties, "acquires the status of a judgment through the judge's approval of the agreement," and the terms of the parties' agreement in the judgment are construed "the same way as any other contract.").

8 Hamm v. Hamm, 2015 OK 27, ¶ 3, 350 P.3d 124, 125; see also City of Lawton v. Ayres, 1914 OK 139, 139 P. 963 (Syllabus by the Court) ("Any act on the part of a defendant by which he impliedly recognizes the validity of a judgment against him operates as a waiver to appeal therefrom, or to bring error to reverse it.").

9 Cox v. Kansas City Life Ins. Co., 1999 OK 57, ¶ 20, 983 P.2d 1025, 1029 (citing Teel v. Public Serv. Co., supra note 2, at 767 P.2d at 396).

10 12 O.S.2011 § 952 (a): "The Supreme Court may reverse, vacate or modify judgments of the district court for errors appearing on the record, and in the reversal of such judgment may reverse, vacate or modify any intermediate order involving the merits of the action, or any portion thereof."

11 12 O.S.Supp.2013, Ch. 15, App. 1, Okla. Sup. Ct. R. 1.36 (a) (1) & (2); Lincoln Farm, L.L.C. v. Oppliger, 2013 OK 85, n. 15, 315 P.3d 971, 976 (an order denying a motion for summary judgment is not an interlocutory order immediately appealable by right nor could the order be certified for review by certiorari in advance of judgment).

12 Summary judgment filings also serve as the appellate briefs for review of the summary judgment unless the appellate court orders the materials to be supplemented with a brief. Farley v. City of Claremore, 2020 OK 30, ¶ 20, 465 P.3d 1213, 1225 ("In an appeal controlled by Okla. Sup. Ct. R. 1.36 the briefs in the appellate court are those which were considered by the trial court when it issued the order reviewed in the 1.36 appeal."); Harkrider v. Posey, 2000 OK 94, n. 50, 24 P.3d 821, 833 (An appellate court may order supplemental briefs for adjudication of an appeal from a summary judgment.).

13 Andrew v. Depani-Sparkes, supra note 3, at 2017 OK 42, ¶ 24, 396 P.3d at 219 (explaining "we do not depart from that principle" stated in District Court Rule 13(b) and its requirement a party may not rely in an appeal on any fact or material not referred to or included in a rule-required party's statement which was used by the trial court for its summary adjudication).

14 An appellate court possesses authority to order any portion of the trial court record to be filed in an appeal at any stage of the appeal. Okla. Sup. Ct. R. 1.28. The Court's order does not raise any due process notice issue for the parties because requiring a Rule 1.36 appellate record with trial court filings also serving as appellate briefs is a result consistent with the parties litigating the issue before us within a summary judgment procedure. The Court possesses Okla. Const. Art. 7 § 4 discretion consistent with Okla. Const. Art. 2 § 7 to require an appeal to conform to a particular procedure, and judicial economy in a controversy, as in the case before us, may require a particular procedure.

15 Shepard v. Okla. Dept. of Corrections, 2015 OK 8, n. 2, 345 P.3d 377, 379 (quoting Okla. Sup. Ct. R. 1.24(a), "Every appeal is subject to assignment to the Court of Civil Appeals unless retained by the Supreme Court either pursuant to a motion to retain or on the Court's own motion.").

16 Appellant's additional assignment of error is the more general "whether the trial court erred in granting the motion for summary judgment."

17 Johnson v. CSAA General Ins. Co., 2020 OK 110, ¶ 11, 478 P.3d 422, 427 ("De novo appellate review is used for issues of law arising from both § 2012(B)(6) motion to dismiss and summary judgment adjudications.").

18 Thurston v. State Farm Mut. Auto. Ins. Co., 2020 OK 105, ¶ 2, 478 P.3d 415, 417 (citing American Biomedical Grp. v. Techtrol, Inc., 2016 OK 55, ¶ 2, 374 P.3d 820, 822).

19 Indep. Sch. Dist. No. 52 of Okla. Cty. v. Hofmeister, 2020 OK 56, ¶ 17, 473 P.3d 475, 485 ("an issue of law is presented by questions concerning the application of a statute to an uncontested fact, and de novo appellate review is used by the Court"); State ex rel. Okla. State Bd. of Med. Licensure and Supervision v. Rivero, 2021 OK 31, ¶ 42, 489 P.3d 36, 53 ("The interpretation to be given to a statute is a question of law, subject to our plenary, independent and non-deferential examination applying a de novo standard of review.").

20 In re Oneok Field Services Gathering, LLC, 2001 OK 116, ¶ 7, 38 P.3d 900, 903 ("Because the meaning of statutory language is a pure issue of law and because the trial court's disposition was effected by summary judgment, the issue stands before us for de novo review."); see also K & H Well Serv., Inc. v. Tcina, Inc., 2002 OK 62, ¶ 9, 51 P.3d 1219, 1223 (in an action tried by the trial court its conclusions of law present issues of law reviewed de novo by an appellate court).

21 Johnson, supra note 17, at ¶ 9, 478 P.3d at 426.

22 State Farm Mut. Auto. Insur. Co. v. Campbell, 538 U.S. 408, 416, 123 S.Ct. 1513, 155 L.Ed.2d 585 (2003).

23 PacifiCare Health Sys., Inc. v. Book, 538 U.S. 401, 405, 123 S.Ct. 1531, 155 L.Ed.2d 578 (2003).

24 Id. 538 U.S. at 405 (citing Vermont Agency of Nat. Resources v. U. S. ex rel. Stevens, 529 U.S. 765, 784, 120 S.Ct. 1858, 146 L.Ed.2d 836 (2000) and construction of the False Claims Act, 31 U.S.C. §§ 3729--3733).

25 Id. 538 U.S. at 405-06 (citing Brunswick Corp. v. Pueblo Bowl--O--Mat, Inc., 429 U.S. 477, 485, 97 S.Ct. 690, 50 L.Ed.2d 701 (1977) and construction of treble-damages provision of § 4 of the Clayton Act, 15 U.S.C. § 15).

26 Id. 538 U.S. at 406 (citing American Soc. of Mechanical Engineers, Inc. v. Hydrolevel Corp., 456 U.S. 556, 575, 102 S.Ct. 1935, 72 L.Ed.2d 330 (1982), construction of § 4 of the Clayton Act, 15 U.S.C. § 15 (1976), and conclusion an antitrust private action allowing for treble damages was created primarily as a remedy for the victims of antitrust violations).

27 Id. (citing Cook County v. U. S. ex rel. Chandler, 538 U.S. 119, 123 S.Ct. 1239, 155 L.Ed.2d 247 (2003) and its recognition "treble damages have a compensatory side, serving remedial purposes in addition to punitive objectives").

28 Id. (citing Agency Holding Corp. v. Malley--Duff & Assocs., Inc., 483 U.S. 143, 151, 107 S.Ct. 2759, 97 L.Ed.2d 121 (1987), and concluding both RICO, 18 U.S.C. § 1964 (1982 ed. and Supp. III), and § 4 of the Clayton Act (15 U.S.C. § 15) were designed to remedy economic injury by providing for the recovery of treble damages, costs, and attorney's fees).

29 Id. (citing Shearson/American Express Inc. v. McMahon, 482 U.S. 220, 241, 107 S.Ct. 2332, 96 L.Ed.2d 185 (1987) noting "remedial function" of RICO's treble-damages provision).

30 Cook Cnty., Ill. v. U. S. ex rel. Chandler, 538 U.S. at 130.

31 Thiry v. Armstrong World Inds., 1983 OK 28, 661 P.2d 515, 518 (the purpose of compensatory damages is to benefit an individual plaintiff, and punitive damages benefit society with a plaintiff acting as a private attorney general to punish the culpable wrongdoer). We need not address in this controversy any differences in application and analysis between the amount of punitive damages determined by a jury and a statutorily-determined amount of damages with a punitive purpose.

32 Goss v. Trinity Savs. & Loan Ass'n, 1991 OK 19, 813 P.2d 492, 495; cf. LeFlore v. Reflections of Tulsa, Inc., 1985 OK 72, 708 P.2d 1068, 1077 (punitive damages are allowed as punishment for the benefit of society as a restraint upon the transgressor, and a warning and example serving as a deterrent to such conduct); Oller v. Hicks, 1967 OK 240, 441 P.2d 356, 360 (same).

33 McIntosh v. Watkins, 2019 OK 6, at ¶ 12, 441 P.2d at 1099 (citing 1987 Okla. Sess. Laws, c. 224, § 15).

34 Id. 2019 OK 6, ¶ 15, 441 P.3d at 1100.

35 PacifiCare Health Sys., Inc. v. Book, supra note 23, at 538 U.S. 405-406.

36 But see, e.g., U.S. v. Jackson, 736 F.3d 953, 957-959 (10th Cir. 2013), cert. denied, 572 U.S. 1041, 134 S. Ct. 1777, 188 L. Ed. 2d 606 (2014) (omission of an expression of scienter from a statute does not necessarily transform the statute into one of strict liability, and the court also noted proof of certain conduct was proof of a type of scienter showing culpability); Wagoner v. Bennett, 1991 OK 70, 814 P.2d 476, infra at ¶ 29 and the discussion of statutory damages governed by statutory language.

37 Alea London, Ltd., 638 F.3d at 776-777.

38 See, e.g., Whalen v. On-Deck, Inc., 514 A.2d 1072 (Del. 1986) (public policy of the State did not prohibit the issuance of an insurance contract that covered punitive damages, and the controversy was remanded for a determination if the policy covered such damages); Abbie Uriguen Oldsmobile Buick, Inc. v. U. S. Fire Ins. Co., 95 Idaho 501, 511 P.2d 783 (1973) (when a policy made no distinction between actual and punitive damages, and punitive damages were not specifically excluded from the policy language, then punitive damages were included under the provision of the policy the insurer promised to pay all sums which the insured was legally obligated to pay as damages caused by the use of an automobile).

39 Magnum Foods Inc. v. Cont'l Cas. Co., 36 F.3d 1491, 1504 (10th Cir. 1994) (citing Dayton Hudson Corp. v. American Mut. Liability Ins. Co., 1980 OK 193, 621 P.2d 1155, 1156, 16 A.L.R.4th 1; Aetna Cas. & Sur. Co. v. Craig, 1989 OK 43, 771 P.2d 212, 215 ("when the insured/employer is party to or acquiesces in, the wrongful acts, liability insurance will not protect it against awards of punitive damages because of his, the insured's, 'positive wrongdoing.' "); Oliver v. Producers Gas Co., 1990 OK CIV APP 28, 798 P.2d 1090 (holding that insurance policy proceeds received from tortfeasor could not be applied to punitive damages)).

40 Dayton Hudson Corp., 621 P.2d at 1158 (emphasis added).

41 Hensley v. State Farm Fire & Cas. Co., 2017 OK 57, ¶ 32, 398 P.3d 11, 22.

42 Appellant's Record on Accelerated Appeal, Plaintiff's Motion for Summary Judgment (Jan. 22, 2020), Exhibit 3, Oklahoma Auto Policy, p. 3, "Liability to Others."

43 Appellant's Record on Accelerated Appeal, Plaintiff's Motion for Summary Judgment (Jan. 22, 2020), Exhibit 3, Oklahoma Auto Policy, pg. 3, "Exclusions."

44 Thurston v. State Farm Mut. Auto. Ins. Co., 2020 OK 105, ¶ 20, 478 P.3d 415, 420-21.

45 Johnson v. CSAA Gen. Ins. Co., 2020 OK 110, ¶ 30, 478 P.3d 422, 433.

46 Oklahoma Schools Risk Management Trust v. McAlester Public Schools, 2019 OK 3, ¶ 22, 457 P.3d 997, 1005.

47 See, e.g., U.S. ex rel. Marcus v. Hess, 317 U.S. 537, 550-51, 63 S.Ct. 379, 87 L.Ed. 443 (1943) (statute providing civil remedy in the amount of double damages afforded complete indemnity [or compensatory damages] for the injuries suffered, Congress could provide three-fold and remain fully in the common law tradition, and "This Court has noted the general practice in state statutes of allowing double or treble or even quadruple damages.").

48 Id. 317 U. S. at 551 (citing O'Sullivan v. Felix, 233 U.S. 318, 324, 325, 34 S.Ct. 596, 58 L.Ed. 980 (1914) and stating: "Punitive or exemplary damages have been held recoverable under a statute like this which combines provision for criminal punishment with others which afford a civil remedy to the individual injured.").

49 Wagoner v. Bennett, 1991 OK 70, 814 P.2d 476, 478.

50 Id. 814 P.2d at 481.

51 Id. 814 P.2d at 480 (emphasis added).

 

Citationizer© Summary of Documents Citing This Document

Cite
Name
Level

None Found.

Citationizer: Table of Authority

Cite
Name
Level

Oklahoma Court of Civil Appeals Cases
 CiteNameLevel

 1990 OK CIV APP 28, 798 P.2d 1090, 61 OBJ 2981, Oliver v. Producers Gas Co.Discussed
Oklahoma Supreme Court Cases
 CiteNameLevel

 2000 OK 94, 24 P.3d 821, 71 OBJ 3219, HARKRIDER v. POSEYDiscussed
 1989 OK 43, 771 P.2d 212, Aetna Cas. and Sur. Co. v. CraigDiscussed
 1989 OK 168, 789 P.2d 1272, 60 OBJ 2358, Hull v. Sun Refining and Marketing Co.Discussed
 1914 OK 139, 139 P. 963, 40 Okla. 524, CITY OF LAWTON v. AYRESDiscussed
 1991 OK 19, 813 P.2d 492, 62 OBJ 790, Goss v. Trinity Sav. & Loan Ass'nDiscussed
 1991 OK 70, 814 P.2d 476, 62 OBJ 2173, Wagoner v. BennettDiscussed at Length
 2001 OK 116, 38 P.3d 900, 72 OBJ 3701, IN THE MATTER OF THE ASSESSMENT FOR THE YEAR 2000 OF CERTAIN PROPERTY OWNED BY ONEOK FIELD SERVICES GATHERING, LLC.Discussed
 2002 OK 62, 51 P.3d 1219, K & H WELL SERVICE, INC. v. TCINA, INC.Discussed
 1967 OK 240, 441 P.2d 356, OLLER v. HICKSDiscussed
 2005 OK 2, 110 P.3d 550, OKLAHOMA CITY URBAN RENEWAL AUTHORITY v. CITY OF OKLAHOMA CITYDiscussed
 2005 OK 13, 109 P.3d 345, CASEY v. CASEYDiscussed
 1996 OK 10, 912 P.2d 836, 67 OBJ 382, Liberty Bank and Trust Co. of Oklahoma City, N.A. v. RogalinDiscussed
 1996 OK 40, 913 P.2d 1330, 67 OBJ 1037, Union Oil Co. v. Board of EqualizationDiscussed
 2007 OK 11, 156 P.3d 41, WHITEHORSE v. JOHNSONDiscussed
 1996 OK 73, 918 P.2d 1388, 67 OBJ 2060, LCR, Inc. v. Linwood PropertiesDiscussed
 2007 OK 57, 193 P.3d 964, HOUSE v. TOWN OF DICKSONDiscussed
 2010 OK 16, 231 P.3d 645, DEPT. OF SECURITIES ex rel. FAUGHT v. BLAIRDiscussed
 2011 OK 1, 250 P.3d 305, CITY OF BROKEN ARROW v. BASS PRO OUTDOOR WORLD, L.L.C.Discussed
 2012 OK 52, 283 P.3d 308, RICHARDSON, RICHARDSON AND BOUDREAUX, PLCC v. MORRISSEYDiscussed
 2013 OK 85, 315 P.3d 971, LINCOLN FARM, L. L. C. v. OPPLIGERDiscussed
 2015 OK 8, 345 P.3d 377, SHEPARD v. OKLAHOMA DEPARTMENT OF CORRECTIONSDiscussed
 2015 OK 27, 350 P.3d 124, HAMM v. HAMMDiscussed
 2016 OK 55, 374 P.3d 820, AMERICAN BIOMEDICAL GROUP, INC. v. TECHTROL, INC.Discussed
 2017 OK 42, 396 P.3d 210, ANDREW v. DEPANI-SPARKESDiscussed at Length
 2017 OK 57, 398 P.3d 11, HENSLEY v. STATE FARM FIRE AND CASUALTY CO.Discussed
 2019 OK 3, 457 P.3d 997, OKLA. SCHOOLS RISK MANAGEMENT TRUST v. MCALESTER PUBLIC SCHOOLSDiscussed
 2019 OK 6, 441 P.3d 1094, MCINTOSH v. WATKINSDiscussed at Length
 2020 OK 30, 465 P.3d 1213, FARLEY v. CITY OF CLAREMOREDiscussed
 2020 OK 56, 473 P.3d 475, INDEPENDENT SCHOOL DISTRICT # 52 v. HOFMEISTERDiscussed
 2020 OK 105, 478 P.3d 415, THURSTON v. STATE FARM MUTUAL AUTOMOBILE INSUR. CO.Discussed at Length
 2020 OK 110, 478 P.3d 422, JOHNSON v. CSAA GENERAL INSURANCE CO.Discussed at Length
 1980 OK 193, 621 P.2d 1155, Dayton Hudson Corp. v. American Mut. Liability Ins. Co.Discussed at Length
 2021 OK 31, 489 P.3d 36, STATE ex rel. OKLA. STATE BD. OF MEDICAL LICENSURE AND SUPERVISION v. RIVERODiscussed
 1999 OK 57, 983 P.2d 1025, 70 OBJ 1955, Cox v. Kansas City Life Ins. Co.Discussed
 1983 OK 28, 661 P.2d 515, Thiry v. Armstrong World IndustriesDiscussed
 1985 OK 72, 708 P.2d 1068, LeFlore v. Reflections of Tulsa, Inc.Discussed
 1985 OK 112, 767 P.2d 391, Teel v. Public Service Co. of OklahomaDiscussed
Title 12. Civil Procedure
 CiteNameLevel

 12 O.S. 681, Definition of JudgmentDiscussed
 12 O.S. 696.2, Judgment, Decree or Appealable Order to be Written - Preparation of Written Documents - Filing - Mailing - EffectCited
 12 O.S. 696.3, Judgments, Decrees and Appealable Orders That are Filed Should Contain the FollowingCited
 12 O.S. 952, Jurisdiction of Supreme CourtCited
 12 O.S. 994, Procedure When There is More Than One Claim or Party - Final JudgmentDiscussed at Length
Title 41. Landlord and Tenant
 CiteNameLevel

 41 O.S. 101, Short TitleCited
Title 47. Motor Vehicles
 CiteNameLevel

 47 O.S. 10-103, Accidents Involving Damage to VehicleDiscussed at Length
 47 O.S. 10-104, Duty to Give Information and Render Aid - Drug and Alcohol TestingCited

oscn

EMAIL: webmaster@oscn.net
Oklahoma Judicial Center
2100 N Lincoln Blvd.
Oklahoma City, OK 73105

courts

Supreme Court of Oklahoma
Court of Criminal Appeals
Court of Civil Appeals
District Courts

decisions

New Decisions
Supreme Court of Oklahoma
Court of Criminal Appeals
Court of Civil Appeals

programs

The Sovereignty Symposium

Alternative Dispute Resolution
Early Settlement Mediation
Children's Court Improvement Program (CIP)
Judicial Nominating Commission
Certified Courtroom Interpreters
Certified Shorthand Reporters
Accessibility ADA

Contact Us
Careers
Accessibility ADA